1  Jeffrey D. Kaliel (SBN 238293)
   Amanda J. Rosenberg (SBN278507)
2  KALIELGOLD PLLC
   1100 15th Street NW, 4th Floor
3  Washington, D.C. 20005
   Tel: (202) 350-4783
4  jkaliel@kalielpllc.com
   arosenberg@kalielgold.com
5
   Sophia G. Gold (SBN 307971
6  KALIELGOLD PLLC
   490 43rd Street, No. 122
7  Oakland, California 94609
   Tel: (202) 350-4783
8  sgold@kalielgold.com

9  JENNINGS & EARLEY PLLC
   Christopher D. Jennings*
10 Tyler B. Ewigleben*
   Winston S. Hudson*
11 500 President Clinton Avenue, Suite 110
   Little Rock, Arkansas 72201
12 Telephone: (601) 270-0197
   chris@jefirm.com
13 tyler@jefirm.com
   winston@jefirm.com
14

15 *Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON RODRIGUEZ, individually and on behalf of all others similarly situated,<br><br>　　　Plaintiff,<br>v.<br><br>GO CARWASH MANAGEMENT CORP.,<br><br>　　　Defendant. | Civil Action No.: 5:24-cv-02085-SSS-DTB<br><br>**JOINT STIPULATION FOR DISMISSAL**<br><br>Hon. Sunshine Suzanne Sykes |

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff Aaron Rodriguez ("Plaintiff") and Defendant GO Car Wash Management Corp. (collectively, the "Parties"), by and through their respective counsel, stipulate and jointly request that this Court enter a dismissal of this action with prejudice as to the named Plaintiff.

Pursuant to the Court's Order Notifying Plaintiff of the Court's Expectations for Dismissal [Dkt. 37], the Parties hereby provide the Court with the following information to ensure that the dismissal in this matter is not collusive or prejudicial to the putative class under *Diaz v. Tr. Territory of Pac. Islands*, 876 F.3d 1401, 1408 (9th Cir. 1989). The Parties submit the following dismissal and supplemental information requested by the Court, including the Parties' confidential settlement agreement and general release, for which the Parties have applied for leave to file partially redacted contemporaneously with this response.

## I. **Introduction**

The Parties have reached a confidential resolution of Plaintiff Rodriguez's individual claims, and only Plaintiff Rodriguez's individual claims. During the briefing of the motion to dismiss filed by Defendants, Plaintiff and his counsel decided to settle and dismiss Plaintiff's individual claims with prejudice to avoid the risk of uncertainty of continued litigation. Defendant and its counsel likewise agreed to voluntarily resolve Plaintiff's individual claims to avoid risk and uncertainty associated with continued litigation.

As further described below, no concessions have been made with respect to any putative class members. Under similar circumstances, courts have concluded that minimal risk of prejudice to absent putative class members exists. *See Chu v. L'Oreal USA S/D, Inc.*, 2022 U.S. Dist. LEXIS 146664, at *9 (N.D. Cal. Aug. 16, 2022) ("Courts recognize that where, as here, a named plaintiff chooses to settle and dismiss her individual claims with prejudice in order to avoid the risk and uncertainty of continued litigation, there is minimal risk of prejudice to absent putative class members, whose claims remained uncompromised.").

The Parties therefore respectfully request dismissal of Plaintiff's individual claims with prejudice, and the absent class members' claims without prejudice, with each party to bear their own fees and costs except as otherwise provided in the Parties' Confidential Settlement Agreement.

## II. **The Diaz Factors Do Not Warrant Notice to Potential Class Members**

The *Diaz* factors do not apply to the facts of this case, but even if they did, dismissal is nonetheless proper. In 1989, the Ninth Circuit held in *Diaz* that Rule 23(e) applies prior to class certification. 876 F.2d at 1408. At that time, Rule 23 provided that "[a] class action shall not be

dismissed or compromised without the approval of the court…" Fed. R. Civ. P. 23(e) (as amended Mar. 2, 1987, eff. Aug. 1, 1987). *Diaz* was decided <u>prior</u> to amendments to Rule 23(e), which clarified that Rule 23(e) applies to certified classes or settlement classes. Specifically, Rule 23(e) now provides that "[t]he claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement" may be settled or voluntarily dismissed "only with the court's approval." Fed. R. Civ. P. 23(e); *Carrero v. Interstate Mgmt. Co. LLC*, 2025 U.S. Dist. LEXIS 63321, at *2 n.1 (E.D. Cal. Apr. 2, 2025) ("this Court maintains its previous view and agreement with other courts that the 2003 amendment changed Rule 23(e) rendering *Diaz* inapplicable."). Accordingly, because no class has been certified, Rule 23(e) does not apply.

Nevertheless, if the Court applies the *Diaz* factors to these circumstances, dismissal would be proper. In *Diaz*, the Ninth Circuit identified the following three factors to consider to "inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Diaz*, 876 F.2d at 1408. The Parties address each factor in turn below.

**A. Class Members Will Not Be Prejudiced by Dismissal of This Lawsuit**

The first *Diaz* factor weighs in favor of the Court approving dismissal because there is no evidence that any putative class members have relied on this action to vindicate their own rights. In evaluating whether potential class members may have relied on an action, courts primarily consider the amount of media attention the case has received. *See Lyons v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 168230, at *5-6 (N.D. Cal. Nov. 27, 2012) ("The Court agrees that this apparent lack of media coverage makes it unlikely that similarly situated homeowners knew of Plaintiffs' lawsuit and relied on it for vindication of their own rights."). This case has garnered little media attention, and the Parties only know of two instances where an article was written about the case on May 29,

3
JOINT STIPULATION FOR DISMISSAL

2025 on topclassactions.com and on June 3, 2025 on www.blanquivioletas.com.[1] Plaintiff's counsel and Defendant's counsel have not received any communication from any other putative class members about this case. Moreover, there is no evidence that unnamed class members relied on this lawsuit at all, much less to their detriment, such that they will be prejudiced by the dismissal. "Further, even if some putative class members had relied on Plaintiff's lawsuit, application of the second and third *Diaz* factors makes it clear that they would not be prejudiced by dismissal here." *Lyons*, 2012 U.S. Dist. LEXIS 168230, at *6. Therefore, there is minimal risk that absent potential class members will be prejudiced due to reliance on this action. The first *Diaz* factor weighs heavily in favor of approval dismissal without notice to the putative class.

### B. There is No Rapidly Approaching Statute of Limitations.

The second *Diaz* factor also supports granting this dismissal with no notice to putative class members. The allegations in Plaintiff's First Amended Complaint ("FAC") concern acts as recent as September 2023. FAC at ¶ 84. The statute of limitations for the putative class claims is four years. Therefore, since there is no "rapidly approaching statute of limitations" that could bar such putative class members' individual claims, the putative class members are not prejudiced by dismissal. *Diaz*, 876 F.2d at 1408. Moreover, since both federal and California law allow for the tolling of the statute of limitations on an individual claim during the pendency of a class action, Plaintiff submits that there is no undue risk that potential class members' individual claims will be time-barred. *See Natan v. Citimortgage, Inc.*, 2016 U.S. Dist. LEXIS 192693, at *2 (C.D. Cal. Sept. 21, 2016). Therefore, to the extent any member of the potential class has a claim, there is no reason to believe that such claim would be lost as a result of dismissing the named Plaintiff's individual claims.

### C. Dismissal of the Putative Class Claims is Without Prejudice Such that No Concessions Have Been Made with Respect to the Class Interests

---

[1] Top Class Actions (May 29, 2025), https://topclassactions.com/lawsuit-settlements/lawsuit-news/go-car-wash-memberships-automatically-renewed-without-proper-notice-class-action-lawsuit-claims/; Blanquivioletas (June 3, 2025), https://www.blanquivioletas.com/en/go-car-wash-sued-charging-subscriptions/.

The third *Diaz* factor also weighs heavily in favor of granting dismissal without notice to the class because there has been no concession of the class interest by Plaintiff or counsel. Dismissal of this action would not concede or otherwise adversely impact absent potential class members' individual claims, since the dismissal is an individual dismissal and the Parties request that class claims be dismissed without prejudice. *Rodriguez v. Nationwide Mut. Ins. Co.*, 2017 U.S. Dist. LEXIS 237338, *8-9 (C.D. Cal. Nov. 16, 2017) (holding that where "claims filed on behalf of putative class members will be dismissed without prejudice... there is no concession of, or prejudice to, rights of potential class members by dismissal").

Courts recognize that where, as here, a named plaintiff chooses to settle and dismiss his individual claims with prejudice in order to avoid the risk and uncertainty of continued litigation, there is minimal risk of prejudice to absent putative class members, whose claims remain uncompromised. *Chu*, 2022 U.S. Dist. LEXIS 146664, at *9 (finding no concession of class interests where plaintiff chooses to "settle and dismiss her individual claims with prejudice in order to avoid the risk and uncertainty of continued litigation"). Indeed, Plaintiff faces risk and uncertainty in this claim against Defendant. To Plaintiffs' knowledge, there is no case in the United States that has been certified as a class with the same fact pattern as the one Plaintiff alleges here.

Here, the Parties do not seek to dismiss the claims of the unnamed potential class members with prejudice, no rights or claims of the putative class would be compromised by the requested dismissal. Additionally, the terms of the Parties' Confidential Settlement Agreement have no impact on the putative class and solely resolves Plaintiff's individual claims. The Confidential Settlement Agreement, which has been submitted partially redacted (while awaiting the court's ruling on the Motion to Seal), clearly does not include any concession of class interests. Therefore, the potential class members will not be prejudiced under the third *Diaz* factor, and this factor weighs in favor of the Court approving this dismissal.

## CONCLUSION

Each *Diaz* factor discussed above demonstrates that potential unnamed class members will not be prejudiced by the Parties' settlement. For the foregoing reasons, the court should grant the Parties' stipulated joint request to approve dismissal of this action without requiring notice to the

putative class.

WHEREFORE, the Parties respectfully request entry of an Order dismissing Plaintiff's claims with prejudice, the putative class members' claims without prejudice, and without requiring notice to absent class members.

Dated: June 10, 2025

Respectfully submitted,

**KALIELGOLD PLLC**

/s/ Sophia G. Gold
Sophia G. Gold
Jeffrey D. Kaliel
Amanda J. Rosenberg
490 43rd Street, No. 122
Oakland, California 94609
Telephone: (202) 350-4783
sgold@kalielgold.com
jkaliel@kalielpllc.com
arosenberg@kalielgold.com

Winston S. Hudson (admitted *pro hac vice*)
**JENNINGS & EARLEY PLLC**
Christopher D. Jennings
Tyler B. Ewigleben
500 President Clinton Avenue, Suite 110
Little Rock, Arkansas 72201
Telephone: (601) 270-0197
chris@jefirm.com
tyler@jefirm.com
winston@jefirm.com

*Counsel for Plaintiff Aaron Rodriguez*

Dated: June 10, 2025

**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC**

/s/ Esteban Morales
Esteban Morales (SBN 273948)
emorales@mintz.com
Joshua Briones (SBN 205293)
jbriones@mintz.com
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Tel: (310) 586-3200
Fax: (310) 586-3202

*Counsel for Defendant*

## ATTESTATION STATEMENT

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Sophia G. Gold
Sophia G. Gold